HUGH W. ROAKE, PLAINTIFF, DEFENDANT IN CERTI-
ORARI, v. THE PENNSYLVANIA RAILROAD COMPANY,
DEFENDANT, PROSECUTOR.

Argued November 6, 1903—Decided February 23, 1904.

A summons issued out of the Small Cause Court can only be legally
served upon a foreign corporation in the manner provided by that
act.

On *certiorari*.

Before Justices FORT and PITNEY.

For the prosecutor, *Alan H. Strong.*

The opinion of the court was delivered by

FORT, J. A summons against a foreign corporation, issued out of the Small Cause Court, must be served in the manner provided by the act creating that court. Without such service the court is without jurisdiction to try the cause.

A return by the constable, "I served the within summons July 14th, A. D. 1903, by reading the same to B. Frank Thorne, resident agent of the said defendant, the Pennsylvania Railroad Company, and delivered a copy thereof to the said B. Frank Thorne, at Rahway, N. J.," is not a legal service under the statute.

Section 17 of the revision of the Small Cause Court act, approved April 8th, 1903, and which became operative July 4th, 1903, provides, "if the defendant is a foreign corporation, process may be served upon the agent in charge of its principal office in this state, or upon any officer, either personally or by leaving a copy at his usual place of abode, or by leaving a copy at the office, depot or usual place of business of such foreign corporation within the county, with any person in charge thereof." *Pamph. L.* 1903, *p.* 255, § 17.

The return does not state that the writ was left with B. Frank Thorne as an officer of the company. It states that he was "resident agent" of the defendant company, whatever position that may be.

It is probable that the fact is that Mr. Thorne is the Rahway agent of the defendant company, but we cannot presume that fact. But, if he were such agent, the service does not comply with that required by the statute. The return of the officer must be that the summons was served by leaving a copy at the office, depot or usual place of business, as the fact may be, with A. B., the person in charge thereof. Service upon such a person as that permitted by the last clause

of the part of the act above quoted must be made at the office, depot or other usual place of business where the person served is employed. Service elsewhere is of no validity.

The judgment in this case is reversed.

